**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ENRIQUE PEREZ BENITEZ, | : | PRISONER CIVIL RIGHTS |
| Inmate No. 1228962, | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:07-CV-1534-RWS |
| | : | |
| SHERIFF STEVE CRONIC, | : | |
| Defendant. | : | |

**ORDER**

Plaintiff Enrique Perez Benitez has filed the instant pro se civil rights action. The matter is presently before the Court for a 28 U.S.C. § 1915A frivolity determination.

I.  28 U.S.C. § 1915A Frivolity Determination

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or "indisputably meritless." Caroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A claim may be dismissed for failure to state a

claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation).

AO 72A
(Rev.8/82)

II.     Plaintiff's Claim

Plaintiff complains that while he was at the Hall County Jail, he fell off of the top bunk and damaged two vertebrae. He claims that although he was in severe pain, Defendant transferred him from the Hall County Jail because of the cost of the surgery to repair his damaged vertebrae.[1] Plaintiff seeks monetary damages.

III.    Analysis of Plaintiff's Claim

In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. If prison officials delay or deny access to medical care or intentionally interfere with treatment once prescribed, the Eighth Amendment is violated. Estelle, 429 U.S. at 104. The indifference can be manifested by prison medical staff members in taking the easier and less efficacious route in the treatment of an inmate. Williams v. Vincent, 508 F.2d 541 (2d Cir. 1974).

---

[1] Plaintiff also claims that he was transferred to the Gwinnett County Jail from the Hall County Jail and was transferred again even though his surgery was scheduled. Plaintiff, however, has only named the Hall County Sheriff as a defendant.

3

Medical treatment that is so incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness violates the Eighth Amendment. Gittlemacker v. Prasse, 428 F.2d 1 (3d Cir. 1970). Mere claims of negligence or inattention by a medical practitioner, however, do not rise to the level of an Eighth Amendment violation which is actionable under § 1983. Estelle, 429 U.S. at 106 (medical malpractice does not become a constitutional violation merely because the victim is a prisoner); Mandel v. Doe, 888 F.2d 783, 787-88 (11th Cir. 1989). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause[.] . . ." Whitley v. Albers, 475 U.S. 312, 319 (1986). In addition, a mere simple difference in medical opinion between the prison's medical staff and the inmate as to diagnosis or course of treatment also does not support a claim of cruel and unusual punishment. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); see also Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) ("[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."); Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988)

AO 72A
(Rev.8/82)

("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice."); Herndon v. Whitworth, 924 F. Supp. 1171, 1174 (N.D. Ga. 1995) ("Mere negligence or even malpractice, however, is not sufficient to constitute an Eighth Amendment violation. . . . A mere difference in medical opinion also will not suffice.") (Ward, J.) (citation omitted).

Plaintiff's claim that he was transferred in order for Defendant to avoid paying for his surgery states a claim for deliberate indifference. Deliberate indifference may be demonstrated by a failure to provide medical attention for a non-medical reason. Thomas v. Town of Davie, 847 F.2d 771, 772-73 (11th Cir. 1988) ; Lee v. Sewell, 159 F. App'x 419, 421 (3d Cir. Dec. 23, 2005). Here, Plaintiff alleges that Defendant transferred him so that the Hall County Jail would not have to pay for the surgery to repair his damaged vertebrae. The Court finds that these allegations do, in fact, state a claim for deliberate indifference. See Serrano v. Filino, No. 05-118, 2007 WL 626104 at *5-6 (W.D. Pa. Feb. 23, 2007) (holding plaintiff stated claim for deliberate indifference where he alleged that defendants denied surgery to repair a torn ligament in his knee because of the cost); Mata v. Feinerman, No. 06-392-WDS, 2006 WL 1663699 at *1-2 (S.D. Ill.

5

Jun. 12, 2006) (finding plaintiff stated a claim for deliberate indifference where he alleged that the defendant, <u>inter alia</u>, denied surgery for severe pain in plaintiff's foot based on the cost). <u>See also</u> <u>Brinson v. Ramos</u>, 37 Fed. App'x 315, 315 (9th Cir. Jun. 13, 2002) (finding prisoner stated a deliberate indifference claim where he alleged that officials refused to postpone his transfer knowing that the transfer would delay his scheduled surgery); <u>Fews v. Perez</u>, 219 F. App'x 676, 677-78 (9th Cir. Jan. 30, 2007) (finding allegations that prison official ordered transfer of prisoner despite scheduled dental surgery sufficient to allege deliberate indifference); <u>Madison v. Mazzuca</u>, No. 02 Civ. 10299 RWS, 2004 WL 3037730 at *8 (S.D. N.Y. Dec. 30, 2004) (finding allegations sufficient to establish deliberate indifference where prisoner claimed that the prison doctor told him that a consultation with an orthopedist would be a waste of taxpayer funds).[2]

IV. Transfer of Action

The Defendant in this action, Sheriff Steve Cronic is a resident of Hall County, Georgia, which lies in the Gainesville Division of this Court. Therefore, pursuant to Local Rule 3.1B.(1)(a), the proper venue for this action is the

---

[2] Plaintiff also raises claims of medical malpractice and negligence. Those claims, however, are not cognizable in a federal civil rights action. <u>Estelle</u>, 429 U.S. at 106.

AO 72A
(Rev.8/82)

Gainesville Division.  Accordingly, pursuant to Local Rule 3.1B.(4) this action is hereby **TRANSFERRED** to the Gainesville Division of this Court.

V.     Conclusion

In light of the foregoing analysis, Plaintiff's claim that he was transferred based on the cost of the surgery to repair Plaintiff's damaged vertebrae is **ALLOWED TO PROCEED** as any other civil action.  All other claims are dismissed as frivolous pursuant to 28 U.S.C. § 1915A.

VI.    Directions

The Clerk is hereby **DIRECTED** to transfer this action to the Gainesville Division.  Following the filing of the action in the Gainesville Division, the Clerk is hereby **DIRECTED** to send Plaintiff the USM 285 form, summons, and the initial disclosures form.  Plaintiff is **DIRECTED** to complete the USM 285 form, summons, and the initial disclosures form, and to return one of each for each Defendant named in the complaint within twenty (20) days from the entry date of this Order to the Clerk of Court.  Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action.  The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

7

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must include, for each Defendant, two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 forms(s) and the summons(es).

Upon completion of the service waiver package(s), the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver package(s) to each Defendant. Defendant has a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event a Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver

package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for each Defendant who failed to return the waiver form. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve each Defendant who failed to waive service. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon Defendant or his counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant or his counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendant advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

9

**IT IS SO ORDERED**, this  18th  day of March, 2008.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE